UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHEEM D. WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>PATRICK JURDON, et al.,<br><br>  Defendants. | CASE NO. 1:17-cv-00860-LJO-MJS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Akheem D. Williams proceeds pro se and in forma pauperis in this complaint brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.  Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

///

**III.     Plaintiff's Allegations**

Plaintiff complains of acts that occurred during his encounters with law enforcement officers in Hanford, California. He names the following police officers as defendants: (1) Patrick Jurdon, (2) Lerry Leeds, (3) Jonathan Rivera, (4) Steven Sitter, (5) Adams, and (6) Martinez.

His allegations may be summarized essentially as follows:

On February 5, 2017, Plaintiff had an encounter with Defendants Sitter, Adams, and Martinez. Although the pleading is somewhat unclear, it appears that Defendant Sitter claimed to have seen Plaintiff driving on Holt Avenue, then stopped Plaintiff at Plaintiff's home on the pretext of inquiring about a hit-and-run accident. Sitter claimed that a witness reported seeing Plaintiff and his car involved in the accident. However, there was no hit-and-run witness; this story was used to "strong arm" Plaintiff and to frame him. Sitter could not have seen Plaintiff driving because Plaintiff was at home. (It was Super Bowl Sunday). Plaintiff was racially profiled, subjected to an unlawful search and seizure, and falsely arrested on DUI charges by Sitter, Martinez, and Adams, and his vehicle was impounded. This conduct violated Plaintiff's Fourth and Fourteenth Amendment rights and also constitutes intentional infliction of emotional distress.

On February 21, 2017, officers were called to Holt Street on allegations by a neighbor of Plaintiff that Plaintiff had engaged in animal cruelty. Plaintiff was bitten by a pet dog and put the dog over his fence to protect himself and school children who might be passing by. Plaintiff explained these circumstances to Defendant Jurdon. Nonetheless, Plaintiff was arrested. Officers Jurdon, Rivera, and Leeds falsely claimed that the dog was injured, his legs were "missed [sic] up," and he almost drowned. There was however no water behind Plaintiff's house on that date. The police were wearing body cameras but did not turn them on when they examined the dog. This conduct violated Plaintiff's Fourth and Fourteenth Amendment rights and constituted false imprisonment, unlawful arrest, and intentional infliction of emotional distress.

Finally, Plaintiff was "stalked" on multiple occasions by Defendants Jurdon and Leeds. The officers would pass by his house and flash their lights on his house or sit outside. This behavior constitutes racial profiling.

Plaintiff seeks unspecified monetary damages, punitive damages, and "protection" from the defendants.

## IV. Analysis

### A. Abstention

It is unclear whether Plaintiff is presently facing charges in relation to the above-described incidents. To the extent he is, this Court must abstain. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

Under these principles, the Court will abstain from interfering in any ongoing state proceeding. The Court therefore will dismiss Plaintiff's complaint with leave to amend. In the event no proceedings are pending, Plaintiff may amend his complaint and so state.

4

**B.     Heck Bar**

It also is unclear whether Plaintiff has been convicted and sentenced in relation to any of the charges at issue in this case. To the extent he has, his section 1983 claim is barred absent invalidation of the conviction:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Because it is unclear whether Plaintiff has been convicted in relation to either of the incidents addressed in his complaint, the complaint will be dismissed with leave to amend. Again, if Plaintiff chooses to amend, he should state the status of any state court proceedings arising from these incidents. The Court will provide Plaintiff with the legal standards applicable to what appear to be his intended claims, in the event he chooses to amend and is permitted to proceed.

**C.     Fourth Amendment**

Plaintiff brings a Fourth Amendment claim for unlawful search and seizure. The nature of this claim is somewhat unclear. Plaintiff does not describe any search executed by the arresting officers and it is unclear whether Officer Sitter entered Plaintiff's home. Plaintiff also claims he was arrested on false charges.

In general, the Fourth Amendment bars a warrantless search of or entry into a residence unless the officers have probable cause and are confronted with exigent circumstances. See Payton v. New York, 445 U.S. 573, 590 (1980); see also LaLonde v. County of Riverside, 204 F.3d 947, 954 (9th Cir. 2000).

A traffic stop that is not based on reasonable suspicion violates the Fourth Amendment and can form the basis for a section 1983 claim. See Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir.2003). "Reasonable suspicion supported by articulable facts that criminal activity may be afoot will sustain an investigative stop." Id. (internal quotation marks omitted) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989).

An arrest without probable cause likewise violates the Fourth Amendment and gives rise to a claim for damages under section 1983. Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." Id. (internal quotation marks omitted) (quoting United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007)). While conclusive evidence of guilt is not required, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough" to establish probable cause. Id. (citation and internal quotation marks omitted).

**D.   Fourteenth Amendment Due Process**

The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001); see also Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111-12 (9th Cir. 2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"). To state such a claim, Plaintiff must point to evidence that

6

supports at least one of the following two propositions: "(1) Defendants continued their investigation of [Plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076.

### E. Fourteenth Amendment Equal Protection

Plaintiff claims a Fourteenth Amendment Equal Protection violation on the basis of racial profiling.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). "The Constitution prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 814 (1996).

### F. State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .

7

the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Because it is unclear whether Plaintiff may proceed on any federal claims, the Court cannot presently exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). The Court will provide Plaintiff with the legal standards applicable to what appear to be his intended claims, in the event he chooses to amend.

### i. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales, 567 F.3d at 571. Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendant was aware. Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2003).

### ii. False Imprisonment

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'"

Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 485, 496 (Ct. App. 2000)).

## V.     Conclusion and Order

The Court is unable to conclude that is has jurisdiction over the claims as presently pled. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   July 14, 2017                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE