UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHEEM D. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK JURDON, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00860-LJO-MJS<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 5)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Akheem D. Williams proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On July 14, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (ECF No. 3.) His first amended complaint is now before the Court for screening. (ECF No. 5.)

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted,"

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

### III.     Plaintiff's Allegations

Plaintiff complains of acts that occurred during his encounters with law enforcement officers in Hanford, California. He names police officer Patrick Jurdon as a defendant. The original complaint also named Officers Lerry Leeds, Jonathan Rivera, Steven Sitter, Adams, and Martinez. These officers are not listed in the caption of the first amended complaint nor mentioned in any section of the pleading identifying defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Nevertheless, it is clear that Plaintiff intends to proceed against all of the individuals named in his prior complaint. Accordingly, the Court will address the allegations.

His allegations are substantially similar to those presented previously, although with some additional detail. The allegations may be summarized essentially as follows:

On February 5, 2017, Plaintiff had an encounter with Defendants Sitter, Adams, and Martinez. Sitter came to Plaintiff's home to talk about a hit and run. Sitter claimed to have seen Plaintiff driving and swerving. This was false. Plaintiff told Sitter to leave. Adams and Martinez arrived and Plaintiff was arrested on false charges of DUI. Plaintiff appears to claim that Defendants did not follow up with the alleged witness to the hit and run who was racially profiling Plaintiff, as were the officers. The case against Plaintiff is currently pending in Kings County Superior Court. The officers also gave a false account of this incident to the local newspaper. This conduct violated Plaintiff's Fourth and Fourteenth Amendment rights and also constitutes intentional infliction of emotional distress, recklessness, false imprisonment, and slander.

On February 21, 2017, officers were called to Holt Street on allegations of animal cruelty called in by Plaintiff's neighbor. Plaintiff was bitten by a pet dog and put the dog over his fence to protect himself and school children who might be passing by. Officers

Jurdon, Rivera, and Leeds responded. Plaintiff explained the incident to Defendant Jurdon. Officers Jurdon, Rivera, and Leeds falsely claimed that the dog was injured and almost drowned. According to Plaintiff, however, the dog could not have drowned because there was no water in the canal behind his house on that date. A "false witness" gave the officers false information. The police were wearing body cameras but did not take video when they went through the neighbor's yard to examine the dog. Plaintiff provides detailed explanations of why and how he believes the officers' gave false testimony.

Plaintiff was arrested and jailed on these false charges from February 21, 2017 to June 26, 2017. His car was impounded and his personal effects were taken. The case against Plaintiff ultimately was dismissed. The officers also falsely reported the incident to the local newspaper. The officers' conduct violated Plaintiff's Fourth and Fourteenth Amendment rights and constituted false imprisonment, unlawful arrest, intentional infliction of emotional distress, and slander.

Finally, Plaintiff claims that he was "stalked" on multiple occasions by Defendants Jurdon and Leeds. The officers would pass by his house and flash their lights on his house or sit outside. In November 2016 officers saw him pushing his car down the street and accused him of DUI. It appears that his car was impounded, the impounded fees were sent to collections, and Plaintiff's social security income was garnished. He contends this behavior constitutes racial profiling.

Plaintiff does not specify any requested relief but requests a jury trial.

**IV. Analysis**

    **A. Abstention**

Plaintiff currently is facing charges in relation to the February 5, 2017 incident. Accordingly, this Court must abstain from addressing his claims regarding that incident. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings except under special circumstances. <u>Younger v.</u>

Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

The remainder of this screening order addresses only the February 21, 2017 incident.

### C. Fourth Amendment

Plaintiff brings a Fourth Amendment claim that he was arrested on false charges.

An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under section 1983. Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." Id. (internal quotation marks omitted) (quoting United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007)). While conclusive evidence of guilt is not required, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough" to establish probable cause. Id. (citation and internal quotation marks omitted).

Here, an eyewitness reported seeing Plaintiff throw a dog over his fence. Plaintiff himself acknowledged choking the dog and throwing it over the fence, although he believed he had reason to do so. A dog was, indeed, seen on the other side of Plaintiff's fence. These facts are sufficient to show that officers had probable cause to arrest Plaintiff. Although Plaintiff challenges the extent of the investigation undertaken by officers and the ultimate condition of the dog (i.e., how severely it was injured), such disputes are insufficient to allege a claim based on an arrest lacking probable cause.

This claim should be dismissed without further leave to amend.

### D. Fourteenth Amendment Due Process

To the extent Plaintiff's Fourteenth Amendment claim is based on alleged falsehoods in the police report, he is advised that the filing of a false police report itself does not amount to a constitutional violation. However, it can provide the basis for a § 1983 action where it results in some constitutional harm to the plaintiff. See, e.g., Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980) ("[T]he mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983."); Bronner v. S.F. Superior Court, 2010 U.S. Dist. LEXIS 80503, at * 15, 2010 WL 2650500 (N.D. Cal. July 1, 2010) ("Numerous courts have held that the fact that a false, incomplete or fraudulent police report has been filed is insufficient to state a § 1983 claim. . . . As these cases make clear, there must be some constitutional deprivation that flows from the report.").

Here, the Court finds no constitutional violation flowing from the aspects of the police report that Plaintiff disagrees with. As stated above, even setting aside these alleged fabrications, there was probable cause to support Plaintiff's arrest. Plaintiff does not identify any other violation.

The Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-

75 (9th Cir. 2001); see also Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111-12 (9th Cir. 2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"). To state such a claim, Plaintiff must point to evidence that supports at least one of the following two propositions: "(1) Defendants continued their investigation of [Plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076.

Nothing indicates that Defendants knew Plaintiff was innocent or used abusive or coercive investigative techniques. This claim should be dismissed without further leave to amend.

### E. Fourteenth Amendment Equal Protection

Plaintiff claims a Fourteenth Amendment Equal Protection violation on the basis of racial profiling.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). "The Constitution prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 814 (1996).

Plaintiff's allegations of racial profiling appear to be entirely speculative. Indeed, the two specific law enforcement encounters identified appear to have been precipitated by eyewitness reports to the police. Plaintiff does not provide sufficient facts to suggest that other law enforcement encounters were motivated by racial discrimination. This claim should be dismissed without further leave to amend.

### F. State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff fails to allege a cognizable federal claim, the Court cannot exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Plaintiff's state law claims should be dismissed.

### V. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. He previously was advised of pleading defects and afforded the opportunity to cure them. He failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims regarding the February 21, 2017 incident be dismissed with prejudice for failure to state a claim;
2. Plaintiff's claims regarding the February 5, 2017 incident be dismissed without prejudice pursuant to Younger;

3. Plaintiff's state law claims be dismissed for lack of jurisdiction;

4. Leave to amend be denied; and

5. The case be closed.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 10, 2017      /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE